IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JOHN W. McQUEEN,

                    Plaintiff,

          vs.                              Civil Action 2:12-cv-1124
                                           Judge Watson
                                           Magistrate Judge King
NANCY BERRYHILL,

                    Defendant.

<u>REPORT AND RECOMMENDATION</u>

     Plaintiff, a state prisoner, brings this action seeking past benefits allegedly due him under the Social Security Act.  This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e)(2), 1915A.

     Plaintiff alleges in the *Complaint*, Doc. No. 1, that he is entitled to Social Security benefits (whether disability insurance benefits, supplemental security income or old-age benefits is not entirely clear), but that defendant, apparently an employee of the Social Security Administration, has refused to pay those benefits to plaintiff.  The *Complaint* further alleges that exhaustion of plaintiff's claim "would be a waste of time." *Id.*, p. 3.

     Federal law establishes the proper procedure to be followed when an individual believes that he has been improperly denied Social Security benefits.  Section 405(g) of Title 42 of the United States Code provides, in pertinent part, as follows:

          Any individual, after any final decision of the
          Commissioner of Social Security made after a hearing to
          which he was a party, irrespective of the amount in

1

> controversy, may obtain a review of such decision by a
> civil action commenced within sixty days after the mailing
> to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

The Commissioner of Social Security is the only proper defendant in

such an action. *See id*. Moreover, an action for review of the denial

of Social Security benefits can be brought in a court only after the

Commissioner of Social Security has issued a final decision "made

after a hearing to which he was a party. . . ." 42 U.S.C. § 405(g).

This procedure is the only procedure that can be followed if an

individual seeks review by a court of a denial of Social Security

benefits. 42 U.S.C. § 405(h).[1]

Because plaintiff has not followed the procedures set forth in 42

U.S.C. § 405(g), *i.e.*, he has not named the Commissioner of Social

Security as a defendant and it does not appear that the decision

challenged by plaintiff was the subject of a hearing before the Social

Security Administration, this action cannot proceed.[2]

It is therefore **RECOMMENDED** that this action be dismissed for

lack of subject matter jurisdiction and for failure to state a claim

upon which relief can be granted.

If any party seeks review by the District Judge of this *Report*

*and Recommendation*, that party may, within fourteen (14) days, file

and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part

---

[1] Section 405(h) provides, in pertinent part: "No action against the United
States, the Commissioner of Social Security, or any officer or employee
thereof shall be brought under section 1331 or 1346 of Title 28 to recover on
any claim arising under this subchapter."

thereof in question, as well as the basis for objection thereto.   28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).   Response to objections must be filed within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

DATE: December 18, 2012

---

[2] The Court expresses no opinion on the timeliness of plaintiff's action.