UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. McQUEEN,

        Plaintiff,

vs.                                      Civil Action 2:12-cv-1124
                                          Judge Watson
                                          Magistrate Judge King

NANCY BERRYHILL,

        Defendant.

## ORDER

Plaintiff, a state prisoner, claims that he is entitled to Social Security benefits but that defendant, apparently an employee of the Social Security Administration, has refused to pay those benefits to plaintiff. The United States Magistrate Judge recommended that the case be dismissed because the Commissioner of Social Security is the only proper defendant in a claim for Social Security benefits, see 42 U.S.C. § 405(g), and because the Court lacks subject matter jurisdiction over the action, which does not appear to be based on a final administrative decision following a hearing. *Id.* (a court may review the denial of Social Security benefits only after the Commissioner of Social Security has issued a final decision "made after a hearing. . ."). *Report and Recommendation*, Doc. No. 6. This matter is now before the Court on plaintiff's

objection to that recommendation. *Objection*, Doc. No. 10. The Court will consider the matter *de novo*. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Plaintiff does not address the issue of the proper defendant. Plaintiff does, however, contend that a hearing was held. In support of this contention, plaintiff refers to a January 23, 2012 letter received by him from the Social Security Administration, *Exhibit* attached to *Complaint*, which refers to a "talk" with plaintiff and which reflects an "informal decision" that plaintiff is not eligible for Supplemental Security Income ("SSI") because he is incarcerated. The Court notes that the letter also indicates that plaintiff had not filed a formal application for benefits. *Id*.

That letter does not establish that plaintiff has followed the proper procedures. The administrative hearing referred to in § 405(g) is a hearing before an administrative law judge within the Social Security Administration's Office of Hearings and Appeals and is held only after an application for benefits has been denied. See 42 U.S.C. § 405(b)(1); 20 C.F.R. § 416.1429. Because plaintiff has not, apparently, even filed a formal application for SSI benefits, an informal decision advising plaintiff why he is not eligible for SSI does not qualify as the administrative hearing required before a court can review a claim for benefits.

Plaintiff also complains that the Social Security Administration did not inform him of the proper procedures to follow. To the contrary, the letter that

plaintiff attached to his *Complaint* expressly recommends that plaintiff file a claim for benefits, which is the first step in the administrative process.

Plaintiff's objections to the *Report and Recommendation* are **DENIED**. The *Report and Recommendation*, Doc. No. 6, is **ADOPTED AND AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRIC COURT**