## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JOHN W. McQUEEN,**

        **Plaintiff,**

**vs.**

                                            **Civil Action 2:12-cv-1124**
                                            **Judge Watson**
                                            **Magistrate Judge King**

**NANCY BERRYHILL,**

        **Defendant.**

### ORDER

Plaintiff, a state prisoner, claims that he is entitled to Social Security benefits but that defendant, apparently an employee of the Social Security Administration, has refused to pay those benefits to plaintiff.  The United States Magistrate Judge recommended that the case be dismissed because the Commissioner of Social Security is the only proper defendant in a claim for Social Security benefits, *see* 42 U.S.C. § 405(g), and because the Court lacks subject matter jurisdiction over the action, which does not appear to be based on a final administrative decision following a hearing.  *Id.* (a court may review the denial of Social Security benefits only after the Commissioner of Social Security has issued a final decision "made after a hearing. . ."). *Report and Recommendation*, Doc. No. 6.  This matter is now before the Court on plaintiff's

objection to that recommendation. *Objection*, Doc. No. 10. The Court will

consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Plaintiff does not address the issue of the proper defendant. Plaintiff does,

however, contend that a hearing was held. In support of this contention, plaintiff

refers to a January 23, 2012 letter received by him from the Social Security

Administration, *Exhibit* attached to *Complaint*, which refers to a "talk" with plaintiff

and which reflects an "informal decision" that plaintiff is not eligible for

Supplemental Security Income ("SSI") because he is incarcerated. The Court

notes that the letter also indicates that plaintiff had not filed a formal application

for benefits. *Id*.

That letter does not establish that plaintiff has followed the proper

procedures. The administrative hearing referred to in § 405(g) is a hearing

before an administrative law judge within the Social Security Administration's

Office of Hearings and Appeals and is held only after an application for benefits

has been denied. *See* 42 U.S.C. § 405(b)(1); 20 C.F.R. § 416.1429. Because

plaintiff has not, apparently, even filed a formal application for SSI benefits, an

informal decision advising plaintiff why he is not eligible for SSI does not qualify

as the administrative hearing required before a court can review a claim for

benefits.

Plaintiff also complains that the Social Security Administration did not

inform him of the proper procedures to follow. To the contrary, the letter that

plaintiff attached to his *Complaint* expressly recommends that plaintiff file a claim for benefits, which is the first step in the administrative process.

Plaintiff's objections to the *Report and Recommendation* are **DENIED**.

The *Report and Recommendation*, Doc. No. 6, is **ADOPTED AND AFFIRMED**.

This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRIC COURT